IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID SHEPPARD THOMAS, 294962, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:12-CV-0077-M |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues Respondent unlawfully extended his sentence.

Petitioner was convicted of aggravated robbery and sentenced to thirty-three years in prison. *State of Texas v. David Sheppard Thomas*, No. F79-5126-JHN (195th Dist. Ct., Dallas County, Tex., July 20, 1979).

Petitioner does not challenge his conviction or sentence. He instead argues that Respondent has incorrectly calculated his time-credits, which has resulted in adding six years, four months and twenty-four days to his sentence.

On June 30, 2011, Petitioner filed a state habeas application challenging his time credits.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -1-

*Ex parte Thomas*, No. 76, 522-01. On October 26, 2011, the Court of Criminal Appeals denied the petition without written order.

## II. Discussion

**1.    Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**2.    Sentence Computation**

Petitioner argues Respondent has unlawfully extended his sentence by not properly

crediting him with street time.

The record shows Petitioner was sentenced to thirty-three years in prison on July 20, 1979. Petitioner was credited with his pre-trial detention time, so his thirty-three year sentence began to run from May 8, 1979. (Resp. Ex. A at 2.) On May 8, 1990, Petitioner was released to parole. (*Id.*)

While on parole, Petitioner was arrested three times pursuant to pre-revocation warrants. The first two warrants were withdrawn. Petitioner received time credits for the time he spent in jail until the time the warrants were withdrawn. (*Id.*) Therefore, for the first warrant, Petitioner received time credits from April 7, 1991, to August 6, 1991. For the second warrant, Petitioner received time credit from March 19, 1992, to July 1, 1992. On December 23, 1992, after Petitioner was arrested pursuant to the third warrant, Respondent revoked Petitioner's parole. Once Petitioner's parole was revoked, he forfeited all street time that accumulated from his May 8, 1990, parole date until his November 17, 1992, arrest on the third warrant. This resulted in the loss of one year, ten months and twenty-eight days of street time credit. Petitioner was released to mandatory supervision on September 12, 1995.

Prior to his release to mandatory supervision, Petitioner was sentenced to three years in prison for possession of cocaine. This sentence began on January 2, 1994, and was discharged on January 24, 1997. (*Id.*) Because this offense occurred prior to his release to mandatory supervision on the aggravated robbery case, Texas law required that his mandatory supervision on the aggravated robbery case remain in effect and not be revoked. *Ex parte Snow*, 899 S.W.2d 201, 202-03 (Tex. Crim. App. 1995).

In 1999, while on mandatory supervision for the aggravated robbery case, Petitioner was

convicted of burglary of a habitation and was sentenced to seven years in prison. (Resp. Ex. A at 2.) This sentence began on August 19, 1999. Petitioner was released to parole on this conviction on July 14, 2004, and discharged the sentence on August 18, 2006. (*Id*.) Petitioner's mandatory supervision on the aggravated robbery conviction remained in effect and was not revoked.

In 2005 and 2006, Petitioner was arrested on three different pre-revocation warrants that were later withdrawn. Petitioner received time credit for the time he spent in jail for each of the arrests. He therefore received time credits on his aggravated robbery conviction from June 27, 2005 to October 6, 2005, from January 7, 2006 to March 14, 2006, and from March 20, 2006 to August 18, 2006. (*Id*.)

In 2007, Petitioner was convicted of check forgery and sentenced to seven months in prison. His sentence began on March 27, 2007 and was discharged on October 22, 2007. (*Id*.) During this time Petitioner remained on mandatory supervision for the aggravated robbery conviction and his mandatory supervision was not revoked.

In 2008, Petitioner was arrested pursuant to two pre-revocation warrants that were later withdrawn. Petitioner received time credit on his aggravated robbery conviction from the time of his arrest until the warrants were withdrawn. Petitioner therefore received time credit from May 8, 2008 to July 30, 2008 and from October 3, 2008 to November 12, 2008. (*Id*.)

In 2009, Petitioner was convicted of check forgery and was sentenced to 180 days in jail. On March 4, 2010, Respondent revoked Petitioner's mandatory supervision on the aggravated robbery case. Petitioner has received time credit on the aggravated robbery case from the date of his arrest on August 13, 2009, to the present. (*Id*.) As the result of the revocation of Petitioner's mandatory supervision on the aggravated robbery case, he lost twelve years, eight months and

seventeen days of street time credit.

**3.     Claims**

Petitioner's loss of street time credits was a result of the two revocations.  First, in 1992, Respondent revoked Petitioner's parole.  A petitioner who had his parole revoked prior to September 1, 2001, is not entitled to street time credits.  *See* TEX. CODE CRIM. PROC. Art. 42.18 § 15(a) (West 1992) ("[A] parolee shall be required to serve out the whole term for which he was sentenced, subject to the deduction of time he had served prior to the parole."); *see also Johnson v. Quarterman*, 304 Fed. Appx. 234, 235 (5th Cir. 2008) (per curiam) (citations omitted).  Petitioner was therefore not entitled to street time credits from May 8, 1990 to December 23, 1992.

Second, in 2010, Petitioner lost street time credits when his mandatory supervision was revoked.  Prisoners who were convicted of aggravated robbery are not entitled to street time if their mandatory supervision is revoked.  TEX. GOV'T CODE §§ 508.149(a), 508.283(b), (c) (West 2010).  Petitioner was therefore not entitled to his street time from May 8, 1990, to August 13, 2009.

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 29th day of April, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).